**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------**X**

SHABBIR CHOUDHURY,

Plaintiff, **DOCKET NO.**

-against-

ZWICKER & ASSOCIATES, P.C..

Defendant.

---------------------------------------------------------------**X**

**NOTICE OF REMOVAL OF ACTION**

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. section 1441, et seq. defendant, ZWICKER & ASSOCIATES, P.C. removes this civil action from the Civil Court of the City of New York, County of Queens, to the United States District Court for the Eastern District of New York.

## I. PROCEEDINGS TO DATE

On or about February 13, 2018, plaintiff, SHABBIR CHOUDHURY, filed a summons and complaint, dated February 12, 2018, in the civil action captioned SHABBIR CHOUDHURY against ZWICKER & ASSOCIATES, P.C., Index No. 003730-QCV-2018, in the Civil Court of the City of New York, County of Queens. Defendant has not been served with the summons and complaint.

Copies of all pleadings and other papers plaintiff previously filed with the Civil Court of the City of New York, Queens are annexed hereto as Exhibit "A," as required by 28 U.S.C. Section 1446.

## II. GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States. See 28 U.S.C. Section 1331. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (See Exhibit "A") Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

## III. VENUE

Plaintiff's action is pending in the Civil Court of the City of New York, County of Queens, which is within this judicial district and division. 28 U.S.C. Section 112(c). The United States District Court for the Eastern District of New York is the District Court and Division within which ZWICKER & ASSOCIATES, P.C., may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

## IV. TIMELINESS

This Notice of Removal is timely filed. This notice of Removal complies with 28 U.S.C. Section 1446(b).

## V. NOTICE

Pursuant to 28 U.S.C. Section 1446(b), defendants are simultaneously filing a copy of this Notice of Removal with the Civil Court of the City of New York, County of Queens. Plaintiff's counsel is also being served with a copy of this Notice of Removal.

## VI. CONCLUSION

For the foregoing reasons, ZWICKER & ASSOCIATES, P.C. respectfully requests that this action, previously pending in the Civil Court of the City of New York, County of Queens, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated: New City, NY
February 22, 2018

Respectfully submitted,

ARTHUR SANDERS, ESQ. (AS-1210)
BARRON & NEWBURGER, P.C.
*Attorneys for Defendant*
30 South Main Street
New City, NY 10956
845-499-2990

**EXHIBIT A**

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

---

SHABBIR CHOUDHURY,

Plaintiff,

-against-

ZWICKER & ASSOCIATES, P.C.,

Defendant.

---

Index No.: 003730

**SUMMONS**

Plaintiff's Residence Address:
88-28 202nd Street
Hollis, NY 11423

Defendant's address:
80 Minuteman Road
Andover, MA 01810-1008

The basis of this venue is:
Plaintiff's address

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens, at the office of the Clerk of said Court at 89-17 Sutphin Blvd., Queens, New York 11435 within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you for the sum of $25,000.00 with interest from February 12, 2018, together with the costs of this action.

Dated: February 12, 2018



Subhan Tariq, Esq.
The Tariq Law Firm, PLLC
Attorney for Plaintiff
68 Jay Street - Suite 201
Brooklyn, NY 11201
Tel: (718) 674-1245

Note the law provides that:

a) If this summons is served by its delivery to you personally within the City of New York, State of New York, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, State of New York, or by publication, or by any means other than personal delivery to you within the City of New York, State of New York, you are allowed THIRTY DAYS after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------X

SHABBIR CHOUDHURY,

Plaintiff

v.

ZWICKER & ASSOCIATES, P.C.,

Defendant

---------------------------------------------------------------X

Index No.: 3730-QCV-2018

**VERIFIED COMPLAINT**

Plaintiff, Shabbir Choudhury ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Zwicker & Associates, P.C., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PARTIES**

1. Plaintiff Shabbir Choudhury is a resident of State of New York and currently resides at 88-28 202nd Street, Hollis, NY 11423.
2. Defendant Zwicker & Associates, P.C., is a company engaged in the business of collecting debts with a principal place of business located at 80 Minuteman Road, Andover, MA 01810-1008.
3. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).
4. The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

5. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "4" herein with the same force and effect as if the same were set forth at length herein.

6. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

7. The Plaintiff received a debt collection letter, dated June 29, 2017, from the Defendant [See Exhibit A].

8. On July 5, 2017, the Plaintiff called the Defendant to obtain information about his account.

9. The Defendant indicated to the Plaintiff that they couldn't discuss his account with him due to there being a cease and desist on file with the original creditor.

10. The Plaintiff indicated to the Defendant that the purpose of the cease and desist letter was to seek an end to phone calls by the original creditor.

11. The Defendant indicated to the Plaintiff that under the original creditor's policy, the Plaintiff must email the original creditor in order to authorize the Defendant to discuss the Plaintiff's account with him.

12. The Defendant admitted that such a policy was unlawful, but that they must still comply with it.

13. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist the Defendant in its goal of collecting on debt from these consumers.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e – preface

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

16. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to discuss the Plaintiff's account with him and requesting that the Plaintiff email the original creditor in order to authorize the Defendant to discuss his account with him.

17. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

20. Defendant is in violation of 15 U.S.C. §1692e(8) by refusing to discuss the Plaintiff's account with him and requesting that the Plaintiff email the original creditor in order to authorize the Defendant to discuss his account with him.

21. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**THIRD COUNT**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)**

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. 15 U.S.C. §1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

24. The Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to discuss the Plaintiff's account with him and requesting that the Plaintiff email the original creditor in order to authorize the Defendant to discuss his account with him.

25. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**FOURTH COUNT**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface**

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

28. The Defendant violated 15 U.S.C. § 1692f – preface by refusing to discuss the Plaintiff's account with him and requesting that the Plaintiff email the original creditor in order to authorize the Defendant to discuss his account with him.

29. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York

February 12, 2018

Respectfully submitted,

Subhan Tariq, Esq.
Attorney I.D.# 5263074
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
68 Jay Street - Suite 201
Brooklyn, NY 11201
Telephone: (718) 674-1245
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

## ATTORNEY AFFIRMATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for Plaintiff Shabbir Choudhury in the within action. I have read the Foregoing Complaint and same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and as to those matters I believe it to be true, and the reason this Affirmation is made by deponent and not by the Plaintiff is because records belonging to Plaintiff are in my possession and Plaintiff does not reside in the same county where your affirmant's office is located. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are communications with the Plaintiff and copies of Plaintiff's records in my possession.

I affirm that the foregoing statements are true, under the penalty of perjury.

Dated: February 12, 2018

Subhan Tariq, Esq.
The Tariq Law Firm, PLLC